IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,075-01






EX PARTE THOMAS E. LACKEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 92-CR-5414 IN THE 227TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that he is being denied credit for time spent in jail prior to being
transferred to Texas Department of Criminal Justice's Correctional Institutions Division, and for
time spent released on parole or mandatory supervision prior to revocation. The trial court found that
Applicant has been credited with post-sentence jail time and street time, and recommended that we
deny. The trial court's findings, however, are not supported by the record. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Correctional
Institutions Division and Parole Division to file affidavits listing Applicant's sentence begin date 
and the dates of issuance of any revocation warrants leading to the revocation of such parole or
mandatory supervision. The affidavits shall state whether Applicant, at the time of his revocation,
was serving a sentence for, or has previously been convicted of, an offense described by Tex. Gov't
Code § 508.149(a). The affidavits shall also address how much time was remaining on Applicant's
sentence on the date he was released on parole or mandatory supervision and how much time he
spent on release before the issuance of the revocation warrant(s). The affidavits shall state whether
Applicant is receiving credit for any of the time he spent on parole or mandatory supervision. Finally,
the affidavits shall state whether Applicant has submitted his claim to the time credit resolution
system of TDCJ, and if so, the date his claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. Code Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted him administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for time he spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit for that time. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 6, 2008

Do not publish